GEORGE FISHER, JR., BY HIS NEXT FRIEND, GEORGE
FISHER, AND GEORGE FISHER, PLAINTIFFS, v. WEST
JERSEY AND SEASHORE RAILROAD COMPANY, DE-
FENDANT.

Argued May 8, 1924—Decided November 24, 1924.

Negligence—Motor Vehicle Collision With Railroad Train—
Judgment for Driver and Owner of Motor Truck—Rule Made
Absolute on Ground That Judgment was Against Weight of
Evidence—Evidence That Train was Moving Very Slowly,
and That There was a Clear View of Track for a Long
Distance.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiffs, *Wescott & Weaver*.

For the defendant, *Bourgeois & Coulomb*.

PER CURIAM.

The above action was instituted in this court by George
Fisher, Jr., by his next friend, George Fisher, and George
Fisher against the West Jersey and Seashore Railroad Com-
pany to recover damages for injuries sustained by George
Fisher, Jr., in a grade crossing accident on October 11th,
1922. The defendant company was operating a train upon
its right of way through the city of Wildwood, in the county
of Cape May. The train was proceeding northwardly to the
Wildwood station. George Fisher, Jr., was operating an
automobile truck eastwardly on Rio Grande avenue. As
Fisher, Jr., approached from the west the crossing of the
railroad company's right of way by Rio Grande avenue the
defendant's train was proceeding northwardly on the most
easterly track of the two tracks laid upon the right of way.

Fisher, Jr., did not evidently see the train until within a few feet of it. When he saw it he turned his truck to the left, going parallel with the train northwardly on the southbound track. The wheels of the truck in passing over the ties bounced so as to throw the truck over to the northbound track. The butting stick of the locomotive struck the truck. The plaintiff was injured. A companion on the truck jumped off and escaped injury.

At the trial the plaintiffs recovered verdicts. The defendant applied for and obtained a rule to show cause why the verdicts should not be set aside. The case is before us under this rule.

The defendant insists that the verdict rendered for the plaintiffs was contrary to the weight of the testimony both on the subject of the plaintiffs' contributory negligence and the defendant's negligence. The plaintiff contends that certain trees obstructed his view of the train. These trees had had about five weeks prior to the accident the lower limbs cut so that the lowest limb was over nine feet from the ground. Although the plaintiff was seated on a truck, we think the trees did not conceal a view of the approaching train. At a point twenty-five feet from the track upon which the train was running he had an unobstructed view of three thousand two hundred feet in the direction the train was approaching. At a point sixty feet distant from the same track he could see five hundred and twenty-five feet southwardly. The train was approaching a station. It was not going rapidly. A shanty located in the street did not obstruct Fisher, Jr's., view, according to his own testimony. Upon the question of the defendant's negligence we are of the opinion that the verdict is contrary to the weight of the testimony.

The plaintiff and his companion said that they did not hear any signals of the approach of the train. There was evidence that the engine bell was rung continuously after the train left a station known as Wildwood Crest, which was south of the place of the accident. There was also evidence

that the whistle was blown. The train was traveling at a speed of between eight and ten miles an hour. The automobile was proceeding at the rate of ten miles an hour. Upon the question of the defendant's negligence we are of the opinion that the verdicts were contrary to the weight of the evidence.

The rule to show cause is made absolute.